UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL ROBERT BERG,<br><br>                              Plaintiff,<br><br>          -against-<br><br>THE STATE OF NEW YORK; GOVERNOR CUOMO; SECRETARY OF STATE ROSSANA ROSADO; NEW YORK STATE ATTORNEY GENERAL LETITIA JAMES,<br><br>                              Defendants. | 21-CV-3293 (LTS)<br><br>PARTIAL TRANSFER ORDER AND ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in Green Haven Correctional Facility, paid the relevant fees to bring this *pro se* action under 42 U.S.C. §1983, alleging that Defendants violated his constitutional rights. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), that it fails to state a claim, *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The complaint names as Defendants the State of New York, Governor Andrew Cuomo, Secretary of State Rossana Rosado, and Attorney General Letitia James. The complaint is 117 pages long, quite disorganized, and consists largely of legal jargon. It sets forth the following facts. In 2010, Plaintiff was charged with predatory sexual assault against a child. After months of being in custody and suffering "mental, emotional and physical torment," Plaintiff pleaded guilty. According to Plaintiff, his "rights as an accused man" were violated, and he seeks the restoration of the "rights and privileges of citizenship," dismissal of the indictment, and other unspecified relief. (ECF 1 at 4-5.) According to the New York State Department of Corrections and Community Supervision (DOCCS) database, Plaintiff was convicted in Clinton County, and he entered DOCCS custody in 2011.

Plaintiff was incarcerated at Great Meadow Correctional Facility from at least 2013 through 2017. During that time, Correction Officer (CO) Daniel Mulligan conspired with other unnamed correction officers and prisoners to brutalize Plaintiff and other sex offenders. Although DOCCS officials knew about Mulligan's behavior, they not only failed to punish him, but promoted him. Mulligan also kept Plaintiff in keeplock for no reason. (*Id.* at 54-55.) From January 24, 2014, through January 30, 2014, correction officers conspired with another prisoner to sexually assault plaintiff in the shower on two occasions. COs Mulligan and Ashline verbally harassed plaintiff and told him that they were not going to do anything about the assaults against him. CO Ashline also searched Plaintiff's cell and destroyed his books because of animus towards Plaintiff's religion. In 2017, CO MacNally and a John Doe correction officer conspired to physically assault Plaintiff. (*Id.* at 57.) When Plaintiff was transferred to Coxsackie Correctional Facility in November 2017, he was forced to carry his property, which weighed 200 pounds, and his typewriter was damaged.

It is not clear when Plaintiff was transferred to Green Haven, but on March 26, 2019, CO Stenvensen and other corrections officers and prisoners assaulted plaintiff because of his sex-offender status. Plaintiff sustained injuries, and he now suffers from tinnitus. (*Id.* at 58.) Plaintiff has been regularly subjected to physical and verbal abuse and property loss at Green Haven, and he has not pursued his "administrative remedies" because of "threats duress and coercion." (*Id.* at 59.)

## DISCUSSION

To state a claim under section 1983, Plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A plaintiff proceeding under section 1983 must also allege facts showing the individual defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks and citation omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

A.      **Claims arising at Green Haven Correctional Facility**

1.      Assaults

Plaintiff asserts that he has been subjected to physical and sexual assaults at Green Haven Correctional Facility. In the body of the complaint, Plaintiff mentions corrections officers who were involved in those events, but he does not name them as defendants, and he provides few specific facts about what occurred and who was involved. The Court grants Plaintiff leave to amend his complaint to detail his claims of assaults and excessive force arising at Green Haven and to name defendants who were personally involved in those events.

2.      Loss of Property

A claim for deprivation of property is not recognized by law in federal court if the state courts provide a remedy for the deprivation of that property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) (citations omitted). New York provides such a remedy in § 9 of the New York Court of Claims Act. *See Jenkins v. McMickens*, 618 F. Supp. 1472, 1474 (S.D.N.Y. 1985) (state tort action available to compensate detainee for alleged loss of property by city prison officials); *Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985) (detainee had meaningful post-deprivation remedy for loss of book through state action for negligence, replevin or conversion); *Boyle v. Kelley*, 42 N.Y.2d 88, 90-91, 396 N.Y.S.2d 834, 835-36 (1977) (property wrongfully seized by officials during a search recoverable by replevin action or Article 78 proceeding); *Moreno v. New York*, 69 N.Y.2d 432, 515 N.Y.S.2d 733 (1987) (alternative state remedies to recover seized property discussed).

Plaintiff has not alleged facts that would demonstrate that his state remedies are in any way inadequate or inappropriate. *See Butler v. Castro*, 896 F.2d 698, 700-04 (2d Cir. 1990).

Because New York provides an adequate post-deprivation remedy, Plaintiff cannot state a claim that he has been deprived of property without due process of law. *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983). This claim is therefore dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims against the named defendants**

1.     New York State

The Court must dismiss Plaintiff's section 1983 claims against the State of New York. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's section 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

2.     Cuomo, Rosado, and James

Plaintiff names Governor Cuomo, Secretary of State Rosado, and Attorney General James as defendants, but he fails to explain how they were personally involved in the events underlying Plaintiff's claims arising at Green Haven. Plaintiff cannot assert viable claims against individuals in supervisory positions simply because they are in positions of authority. In fact, Plaintiff names these individuals in the caption of the complaint but asserts no specific facts against any of them in the body of the complaint. *See Iwachiw v. New York State Dep't of Motor Vehicles*, 299 F. Supp.2d 117, 121 (E.D.N.Y. 2004) (quoting *Dove v. Fordham Univ.,* 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the

plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted"), *aff'd*, 396 F.3d 525 (2d Cir. 2005).

Because Plaintiff fails to allege any facts suggesting that Cuomo, Rosado, or James were personally involved in violating his constitutional rights during his custody at Green Haven, his claims against those Defendants are dismissed.

**C.     Severance of claims arising outside this District**

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (A) any right to relief is asserted against them jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of transactions . . . ; and (B) any question of law or fact common to all defendants will arise in the action. Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic*, 673 F. Supp. 2d at 167.

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. In determining whether to sever a claim, the court considers "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and

(3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*,

596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845

(SHS) (RLE), 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007)). Put another way, courts "look

to the logical relationship between the claims and determine 'whether the essential facts of the

various claims are so logically connected that considerations of judicial economy and fairness

dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, No. 12-CV-

9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v.

Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Plaintiff sets forth claims arising from events that occurred in Great Meadow, Coxsackie

Facility, and in connection with his Clinton county criminal proceedings. Joinder of those claims

with those arising at Green Haven does not comport with Rule 20(a). Plaintiff asserts claims

against Mulligan, Ashline, and other unnamed correction officers at Great Meadow regarding

events occurring from 2013 through 2017, and he asserts claims against MacNally and other

unnamed officers at Coxsackie about at least one assault in 2017. In addition, Plaintiff asserts

violations of his constitutional rights arising out of his Clinton County conviction. These claims

are not logically connected to his claims that he has been subjected to sexual and physical

assaults at Green Haven since 2019. *See, e.g.*, *Smith v. Goord*, No. 04-CV-6432, 2006 WL

2850597, at *3 (W.D.N.Y. Sep. 22, 2006) (disallowing joinder of claims against defendants at

different correctional facilities where there was no suggestion that original defendants were

involved in the actions taken against plaintiff in a different facility more than one year later);

*Webb v. Maldanado*, No. 13-CV-144 (RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013)

("Unrelated claims against different defendants belong in different suits . . . to prevent the sort of

morass" created by a complaint with more than twenty defendants and countless unrelated claims.") (quotation and citation omitted).

For these reasons, the Court concludes that it is appropriate to sever Plaintiff's claims arising in Great Meadow and Coxsackie and in Clinton County from his Green Haven claims. The Court therefore severs those claims.

**D.    Transfer of Claims Arising outside this District**

When a court orders the severance of claims, it creates two or more separate "actions," and the court may transfer one separate action while retaining jurisdiction of another. *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968).

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. See 28 U.S.C. § 1391(c)(1), (2).

The events giving rise to Plaintiff's claims arising in Great Meadow and Coxsackie occurred in Washington County and Greene County, respectively, both of which fall within the Northern District of New York. Clinton County is also located in the Northern District. *See* 28 U.S.C. § 112(a). Plaintiff does not allege that any defendant named in connection with the events

that are alleged to have transpired at those facilities resides in this District. Venue for those claims therefore does not appear to be proper in this District under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer under section 1404(a) is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412,

459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599

F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is

accorded less deference where the plaintiff does not reside in the chosen forum and the operative

events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under section 1404(a), transfer of the severed claims appears to be appropriate in this

case. The events underlying the severed claims occurred in the counties of Washington, Greene,

and Clinton, which fall within the Northern District of New York. *See* 28 U.S.C. § 112(a). Venue

for the severed claims is therefore proper in the Northern District of New York. *See* 28 U.S.C.

§ 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest

of justice to transfer the severed claims to the United States District Court for the Northern

District of New York. 28 U.S.C. § 1404(a). Plaintiff's claims arising at Green Haven will remain

in this Court.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his

complaint to detail his claims that arise from events that occurred at Green Haven.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims arising at Green Haven. First, Plaintiff must name as the defendants in the caption[1] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights at that facility. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[2] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)   the names and titles of all relevant people;

---

[1] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[2] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint to detail his claims that arise from events at Green Haven. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-3293 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is further directed to sever the claims arising in Great Meadow Correctional Facility, Coxsackie Correctional Facility, and in Clinton County, and transfer them, under 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of New York.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    July 14, 2021
             New York, New York

                                    _____
                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been
assigned)

-against-

**COMPLAINT**

(Prisoner)

_____

_____

_____

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                 Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                               State                    Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                              Plaintiff's Signature

_____
First Name                          Middle Initial              Last Name

_____
Prison Address

_____
County, City                                       State                        Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:   _____