UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL ROBERT BERG,

                                    Plaintiff,                          9:21-CV-0704
                                                                        (BKS/DJS)
                v.

THE STATE OF NEW YORK, et al.,

                                    Defendants.
_____

APPEARANCES:

MICHAEL ROBERT BERG
11-A-1050
Plaintiff, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

       This action was commenced on or about April 14, 2021, in the Southern District of

New York ("SDNY") by pro se plaintiff Michael Robert Berg, a prisoner in the custody of the

New York State Department of Corrections and Community Supervision ("DOCCS").  Dkt.

No. 1 ("Compl.").  Plaintiff paid the filing fee.  *See* Docket Entry Dated May 21, 2021.

       On June 14, 2021, SDNY Chief District Judge Laura Taylor Swain issued an Order

that, in relevant part, "sever[ed] the claims [asserted in the complaint] arising in Great

Meadow Correctional Facility, Coxsackie Correctional Facility, and in Clinton County, and

transfer[red]" them to this District.  *See* Dkt. No. 3 ("SDNY Order") at 12.  The SDNY Order

did not analyze the sufficiency of the claims arising in this District pursuant to 28 U.S.C. § 1915A, leaving that review for this Court.  Upon receipt of the transfer, the Clerk of this Court opened this action and forwarded plaintiff's complaint to the Court for review.

## II.    DISCUSSION

### A.    Governing Legal Standard

Pursuant to 28 U.S.C. § 1915A ("Section 1915A"), a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint. . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (holding that Section 1915A applies "to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid the filing fee").

In reviewing a pro se litigant's complaint, the Court has a duty to liberally construe the pleadings, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

2

draw the reasonable inference that the defendant is liable for the misconduct alleged."
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although the
Court should construe the factual allegations in the light most favorable to the plaintiff, "the
tenet that a court must accept as true all of the allegations contained in a complaint is
inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the
elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.
"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility
of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled
to relief.'"  *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Rule 8 of the Federal Rules of Civil
Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me
accusation."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).  Thus, a pleading that only
"tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id*.
(internal quotation marks and alterations omitted).

### B.    Summary of the Complaint

As SDNY Chief Judge Swain noted, plaintiff's "complaint is 117 pages long, quite
disorganized, and consists largely of legal jargon."  *See* SDNY Order at 2.  The following are
the facts as alleged in the complaint that are relevant to the claims arising in this District.

Plaintiff was arrested and charged with predatory sexual assault against a child on
June 30, 2010, and prosecuted for that crime in Clinton County, New York.  Compl. at 62.  By
May 2013, plaintiff was in DOCCS's custody and confined in Great Meadow Correctional
Facility ("Great Meadow C.F.").  *Id.* at 66, 81.  On or about November 28, 2017, plaintiff was
transferred from Great Meadow C.F. to Coxsackie Correctional Facility ("Coxsackie C.F.").

*Id.* at 81.

### 1. Clinton County Prosecution

Plaintiff was arrested by New York State Police on June 30, 2010.  Compl. at 62.  In February 2011, "after months of assaults, torments, metal anguish and the gross inattention of [his appointed attorney, plaintiff] became mentally unstable and suicidal."  *Id.*  "[T]o expedite his own demise," plaintiff pleaded guilty to the indictment.  *Id.*  Plaintiff alleges that he did not waive certain constitutional rights, including, for example, his right to confront his accuser.  *Id.* at 62-63.  Plaintiff also alleges his appointed attorney provided ineffective assistance of counsel.  *Id.* at 63-64.

### 2. Great Meadow C.F.

On May 12, 2013, while plaintiff was confined in Great Meadow C.F., he was assaulted by another inmate identified as "PB."  Compl. at 67.  Plaintiff alleges that PB conspired with Great Meadow C.F. Correctional Officer ("CO") Daniel Mulligan to attack him. *Id.* at 67-68.

On January 25, 2014, plaintiff was sexually assaulted by an inmate named "Yemen." Compl. at 69-70.  The next day, CO Mulligan harassed plaintiff by asking him during a frisk if he "enjoyed [his] date yesterday," which plaintiff alleges was a reference to the assault by Yemen.  *Id.* at 70. Yemen threatened to assault plaintiff again on January 30, 2014.  *Id.* at 70-71.

On October 15, 2014, Great Meadow C.F. CO Ashline and CO Gilles conducted a search of plaintiff's cell.  Compl. at 72.  At the end of the search, plaintiff's religious books were confiscated and ultimately destroyed.  *Id.* at 73-74.  Plaintiff alleges that DOCCS rules

4

and regulations were violated during and after the search.  *Id.* at 74.

On July 26, 2016, plaintiff's cell was searched again.  Compl. at 75.  Although the contraband receipt indicated that no property was confiscated during the search, plaintiff later discovered that a number of personal items were missing.  *Id.*

On March 6, 2017, plaintiff filed a grievance against an unidentified "John Doe" Great Meadow C.F. CO.  Compl. at 77.  In retaliation for that grievance, CO John Doe assaulted plaintiff on March 31, 2017.  *Id.*

Plaintiff was notified that he was being transferred to a different prison facility on November 27, 2017.  Compl. at 80.  Plaintiff was required to carry his four bags personal property to the draft room, approximately 200 yard away from his cell.  *Id.*  Once all of plaintiff's property was in the draft room, plaintiff requested that his typewriter and some other personal items be shipped to the new facility.  *Id.*  Plaintiff was then transferred to Coxsackie C.F.  *Id.*  Plaintiff learned on December 28, 2017, that his typewriter was damaged during shipping.  *Id.* at 81.  Plaintiff alleges the staff at Great Meadow C.F. are responsible for the damage because they did not properly secure the typewriter for shipment.  *Id.* at 80-81.

### 3. Coxsackie C.F.

Plaintiff filed a claim form and letter to an official at Coxsackie C.F. concerning the damaged typewriter.  Compl. at 81.  The claim was denied on April 5, 2018.  *Id.*  Although plaintiff appealed the decision to the Coxsackie C.F. superintendent, he did not receive a response.  *Id.* at 82.

5

### C.    Analysis

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  "Section 1983 itself creates no substantive rights[ but] provides . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

### 1.  Request for Release

Plaintiff does not seek damages as relief.  Compl. at 1.  Instead, plaintiff seeks immediate release from incarceration and dismissal of the Clinton County criminal indictment.  *Id.* at 1, 5.  A plaintiff may not, however, challenge the legality of his conviction through a Section 1983 action and may obtain that relief only by bringing a petition for writ of habeas corpus under 28 U.S.C. § 2254.  *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484, 490, 494 (1973) (explaining that "the traditional purpose of habeas corpus" is to "attack[] . . . the fact or length of . . . confinement," and if an individual is "seeking something other than immediate or more speedy release," the remedy lies in a different type of action)).  "[A] complaint alleging [Section] 1983 claims is not interchangeable with an application for a writ of habeas corpus."  *Ortiz v. Russo*, No. 13-CV-5317, 2015 WL 1427247, at *14 (S.D.N.Y. Mar. 27, 2015) (citing *Bodie v. Morgenthau*, 342 F. Supp. 2d 193, 201 n.5 (S.D.N.Y. 2004) (refusing to sua sponte convert a Section 1983 action into a petition for a writ of habeas corpus because doing so "may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated")).

6

Accordingly, the Court will not transform plaintiff's complaint into a petition for habeas corpus relief.

### 2.  The State of New York

Even assuming plaintiff's claims are correctly pursued under Section 1983, the State of New York cannot be sued.  More specifically, the Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his own state in federal court, under the fundamental principle of "sovereign immunity."  U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009).  Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit.  *Gollomp*, 568 F.3d at 365-66.  It is well settled that Congress did not abrogate states' immunity through Section 1983.  *Quern v. Jordan*, 440 U.S. 332, 343-45 (1979).  Accordingly, plaintiff's claims in this action asserted against the State of New York are dismissed pursuant to Section 1915A(b) as barred by the Eleventh Amendment.

### 3. Remaining Defendants

The remaining purported Section 1983 claims asserted in the complaint against defendants Cuomo, Rosado, and James are also subject to dismissal.[1]  Although the complaint appears to name those individuals as defendants on cover pages found throughout plaintiff's length complaint and series of exhibits, there are otherwise no allegations explaining their involvement in any of the alleged constitutional violations. Indeed, there are virtually no allegations whatsoever in the complaint concerning defendants Cuomo, Rosado, or James.  "Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." *Cipriani v. Buffardi*, No. 06-CV-0889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citing *Gonzalez v. City of N.Y.*, No. 97-CV-2246, 1998 WL 382055, at *2 (S.D.N.Y. Jul. 9, 1998)); *see also Crown v. Wagenstein*, No. 96-CV-3895, 1998 WL 118169, at *2 (S.D.N.Y. Mar. 16, 1998) (dismissing claims asserted against the defendant-superintendent because the complaint "mention[ed him] only in the caption, and fail[ed] to allege any act or omission by [him]").  Accordingly, any claims asserted against defendants Cuomo, Rosado, and James are dismissed for failure to state a claim upon which relief may be granted pursuant to Section 1915A(b)(1).

---

[1]  It is not clear to this Court that plaintiff intended to name Cuomo, Rosado, and James as defendants in this action.  The first six pages of the "complaint" are entitled "Petition for an Order to Enforce Compliance Under 42 USC §§ 1983 & 1988," and the caption includes only the State of New York as the "Respondent."  *See* Compl. at 1.  Attached to plaintiff's complaint as part of "Exhibit A" is a cover sheet that lists Andrew Cuomo, Rossana Rosado, and Letitia James "for and on behalf of: The State of New York."  *Id.* at 8.  Despite any potential confusion as to whether Cuomo, Rosado, and James were intended defendants, because the SDNY Order clearly construed the complaint to name those individuals as defendants, this Court has done the same.

### D.    Conditional Dismissal With Leave to Amend

Based upon the foregoing, the Court finds that plaintiff's complaint fails to state one or more claims upon which relief may be granted.  In light of plaintiff's pro se status, the Court will afford plaintiff the opportunity to file an amended complaint not inconsistent with this decision.  *Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  Any amended complaint filed by plaintiff must bear his original signature and must be a complete pleading that will supersede and replace the original complaint in its entirety.  The amended pleading must also name one or more defendants and set forth a <u>short</u> and plain statement of the facts on which he relies in support of his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated plaintiff's constitutional rights.  Lastly, any amended complaint shall include <u>only</u> those allegations supporting causes of action stemming from incidents that occurred within this District.

Plaintiff is advised that, if he fails to submit an amended complaint within 30 days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice for failure to state a claim on which relief may be granted pursuant to Section 1915A(b)(1).

### III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's complaint (Dkt. No. 1), to the extent it asserts claims arising out of Great Meadow Correctional Facility, Coxsackie Correctional Facility, and in Clinton County, is **DISMISSED without prejudice** without further Order of the Court for failure to state a claim upon which relief may be granted pursuant to Section 1915A **unless**, within 30

9

days of the date of this Decision and Order, plaintiff files an amended complaint that corrects

the deficiencies identified herein; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: July 26, 2021

Brenda K. Sannes
U.S. District Judge